Blaisdell *v.* Cowell.

---

## SAMUEL BLAISDELL *vs.* EDMUND COWELL.

Where the demandant and tenant both claim the land under the *same person*, the former by a levy, and the latter by a deed with warranty; the interest of *such person* is balanced, and he may be a witness for either party.

Where actual fraud must be proved, to avoid a conveyance, the burthen of proof is on the party asserting the fraud.

EXCEPTIONS from the Court of Common Pleas, *Whitman C. J.* presiding.

This was a writ of entry, and the demandant claimed under a deed from *Samuel Cowell* to *James Cowell*, *Sept.* 30, 1828, and a levy by the demandant upon the same, *Nov.* 12, 1830. The judgment was rendered on a note dated *Oct.* 3, 1829. The tenant

Blaisdell *v.* Cowell.

claimed under a deed from the same *James Cowell*, dated *July* 30, 1829, and recorded the same day.

The question before the jury was, whether the deed from *James* to *Edmund Cowell*, the tenant, was given under such circumstances, as rendered it fraudulent and void, as to subsequent creditors. There was much testimony, on this question, introduced on each side. *James Cowell*, although living within the county, was not called by either party, as a witness. The exceptions state, that the "Judge, in charging the jury, suggested, among other things, that the defendant might have called *James Cowell* as a witness, who, if the transaction were *bona fide*, might be able to state from actual knowledge, all the facts tending to show it to be so ; that in cases like this, that it was more reasonable to expect the defendant to introduce his grantor, than to expect the other party to do it, who was attempting to show the transaction fraudulent, although he was a competent witness, whether called by one party or the other ; and, if the defendant, who comes to prove the transaction *bona fide*, would not introduce him, but content himself with resorting to detached pieces of evidence, and to circumstances with a view to establish the fairness of the sale, when he might be able to produce direct evidence of it, if it were so in fact, the jury might well consider, whether it was not a circumstance which ought to weigh against him."

The jury returned a verdict for the demandant, and the defendant excepted to the instructions of the Judge.

*D. Goodenow* and *N. D. Appleton*, for the tenant, argued in writing.

1. *James Cowell*, the grantor of the tenant, was not a competent witness for him in this case. He was directly interested in the event of the suit, having warranted the title to the defendant, and being liable to him on his covenants, if the demandant should prevail. 1 *Strange*, 445 ; 4 *Mass. R.* 441 ; 11 *Mass. R.* 499 ; 14 *Mass. R.* 250 ; 3 *Pick.* 284 ; 6 *Greenl.* 364 ; 3 *Wend.* 180 ; 2 *Binn.* 108 ; 6 *Binn.* 500 ; 3 *Greenl.* 462 ; 4 *Greenl.* 194 ; 5 *Greenl.* 451 ; 6 *Greenl.* 416 ; 6 *Johns. R.* 5.

2. But if *James Cowell* was a competent witness for the tenant, still the charge was erroneous, because in effect it went to change the burden of proof ; and to induce the jury to be governed by

considerations not in evidence before them, and to substitute uncertain conjectures for legal proof. This was a case where *actual fraud* must be proved in the grantor, and a participation in, or knowledge of it, on the part of the grantee. 14 *Mass. R.* 250; 4 *Greenl.* 195.

*Burleigh & J. T. Paine*, argued in writing, for the tenant.

1. The exceptions cannot be sustained, because they are not to " any opinion, judgment, or direction in matter of law." For such causes alone do exceptions lie, by the act establishing the Court of Common Pleas, *c.* 193, § 5. The tenant merely alleges, that he is aggrieved by the erroneous views taken of the evidence by the Judge.

2. But if the exceptions are before the Court, the law was correctly stated to the jury.

*James Cowell* was a competent witness for the tenant, his interest being balanced. If the demandant succeeds, *James Cowell* will be liable to the tenant on his covenants to the value of the land; and if the tenant succeeds, the liability to the demandant will be the amount of the debt satisfied by the levy. *Prince* v. *Shepard,* 9 *Pick.* 176.

The omission on the part of the tenant to call *James Cowell,* was a circumstance proper for the consideration of the jury. The absence or non-production of a witness having a direct knowledge of the transaction, is to weigh against the party who ought to produce him. *Williams* v. *East Ind. Co.* 3 *East,* 192; *Blatch* v. *Archer, Cowper,* 65; 1 *Stark. Ev.* 452, 487, 494, 505; 2 *Stark. Ev.* 1252.

3. If the Judge erred in the instructions given, the error was not so material, as to require the Court to set aside the verdict. 3 *Johns. R.* 533; 10 *Johns. R.* 451; 2 *Pick.* 145; 5 *Pick.* 217.

4. They denied, that the Judge instructed the jury, that the burthen of proof on the issue, whether the deed was fraudulent or not, was on the tenant. There was much evidence in the case, and the Judge in his remarks commented upon it, and stated that the demandant must prove the deed to be fraudulent. The expression, in the sentence excepted to, does not warrant the inference now attempted to be drawn from it.

Blaisdell *v.* Cowell.

After a continuance, the opinion of the Court was prepared by

WESTON C. J. — The Judge below instructed the jury, that the grantor of the tenant, to whom he executed a deed of warranty, would have been a competent witness for him at the trial. As this was an opinion given in a matter of law, if erroneous, it does in our judgment furnish just ground of exception. But it does not appear to us to have been erroneous. In trials between creditors and the grantees or assignees of debtors, whose title is attempted to be impeached as fraudulent, the debtor is in our practice received as a competent witness for either party. His interest is regarded as balanced. If the creditor prevails, the debtor's land goes to pay his debt, at its fair and just value, as appraised by disinterested men under oath ; and he becomes answerable upon his covenants for the same value to his grantee. If the grantee prevails, he escapes liability upon his covenants, but his debt remains unpaid. The practice has been so uniform upon this point, before our separation and since, that we do not feel at liberty to change it, by any nice balancing of possible consequences as to costs, or the chance of different estimates as to value. It has been directly decided in *Massachusetts*, that such a witness is competent against a creditor. *Prince* v. *Shepard et al.* 9 *Pick.* 176. The property in litigation in that case was personal ; but the assignee held it under a covenant of general warranty ; and we are not aware that such a covenant has a more extensive efficacy in real, than in personal estate.

Comparing the deed, under which the tenant held, with the title of the demandant, and the debt upon which it is based, that of the tenant must prevail, unless it is defeated upon the ground of actual fraud. To do this, the burthen of proof was very clearly upon the demandant. It is insisted, that the jury were otherwise instructed. If this is fairly deducible from the exceptions, they ought to be sustained. That part of the charge only is stated, which comments on the non-production of the witness by the tenant. For aught appears, the jury may have been properly instructed before, as to the state of the apparent title, and what it was incumbent on the demandant to do to defeat it. The Judge speaks of the tenant, " who comes to prove the transaction *bona fide*." He comes to exhibit such proof, if a *prima facie* case is made out against him.

And that the cause had advanced to this stage, appears from the facts reported.

It is stated, that evidence had been adduced, tending to show, if believed, that the deed was inoperative against subsequent creditors. How far this was repelled, must have been the part of the case, to which the attention of the jury was called. Without knowing what had been previously stated in other parts of the cause, we cannot deduce affirmatively, that the jury were instructed, that the burthen of proof was upon the tenant, to show that his deed was not fraudulent. That the burthen was upon the other side, is a principle of law, with which the Judge must have been familiar, and which never could have been seriously questioned. If the counsel for the tenant had any just apprehension, that the jury might have been misled upon this point, it was competent for them to have requested the Judge to instruct the jury directly and specifically, as he understood the law; and if such instruction had been improperly withheld, and he had then excepted, his exceptions would have been sustained.

As to the suggestion of the Judge, that the tenant might have called his grantor as a witness, and his intimation to the jury, that they might well consider, whether his omission to do so, ought not to weigh against him, it is a circumstance prominently exhibited, and may perhaps indicate the leaning of his mind, in regard to the effect of the testimony; but he left the whole matter to the consideration of the jury, to whom it properly belonged. He does not profess in this part of his charge to give a legal direction; but he submits it to their judgment, whether the circumstance stated, ought not to weigh against the tenant. We cannot discover in this language any erroneous "opinion, judgment or direction in matter of law."

*Exceptions overruled.*